[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-10317
Non-Argument Calendar

————————————————

D.C. Docket No. 4:12-cr-00245-AKK-HGD-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLIE DRAPER,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(September 16, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Leslie Draper appeals her conviction for being a felon in possession of a

firearm, in violation of 18 U.S.C § 922(g)(1).  On appeal, Draper argues that the

district court erred by not granting her motion for judgment of acquittal because there was insufficient evidence to establish that she possessed the gun.

"We review <u>de novo</u> a district court's denial of judgment of acquittal on sufficiency of evidence grounds," considering the evidence in the light most favorable to the government, drawing all reasonable inferences in the government's favor. <u>United States v. Friske</u>, 640 F.3d 1288, 1290–91 (11th Cir. 2011). A verdict cannot be overturned "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." <u>Id.</u> at 1291. However, if the government relies on circumstantial evidence, reasonable inferences—not mere speculation—must support the conviction. <u>Id.</u>

Possession can be shown through either actual or constructive possession. <u>United States v. Perez</u>, 661 F.3d 568, 576 (11th Cir. 2011). Constructive possession requires both (1) that the defendant knew about the firearm's presence and (2) that she had the ability and intent to later exercise dominion and control over that firearm. <u>Id.</u> The second requirement may be satisfied if the defendant intended to exercise the dominion and control through another person. <u>Id.</u>

A defendant's "knowing participation in a joint criminal venture in which a particular firearm is intended to play a central part permits the jury to reasonably conclude that the defendant constructively possessed that gun." <u>Perez</u>, 661 F.3d at

2

576 –77; see also United States v. Gunn, 369 F.3d 1229, 1236 (11th Cir. 2004) (holding that because the defendant was a passenger in the car that held the guns, knew about the guns in the car, and played a leadership role in the armed robbery that the guns were used for, there was sufficient evidence for the jury to find that he had possession of the guns).

Draper's brother testified that she asked him if he wanted to buy a gun and arranged for a time for him to meet her to look at it. Draper arrived at the meeting place in a car with the gun and two companions. She was then arrested. The police ran the identification number of the gun and discovered that it was stolen. Draper was indicted in state court for receiving two stolen guns. She pleaded guilty to receiving stolen property, and that plea was admitted into evidence in this case. Because Draper contacted her brother to arrange the sale, arrived at the designated place with the rifle in the car, and admitted to receiving stolen guns, the jury could reasonably find that Draper constructively possessed the rifle in a joint criminal venture to dispose of the stolen property.

**AFFIRMED.**